WILLIAM H. and KAY B. HARRISON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harrison v. Commissioner
Docket No. 8470-76.
United States Tax Court
T.C. Memo 1978-82; 1978 Tax Ct. Memo LEXIS 431; 37 T.C.M. (CCH) 391; T.C.M. (RIA) 780082; February 28, 1978, Filed William H. Harrison, pro se. Thomas N. Thompson, for the respondent. HALL MEMORANDUM FINDINGS OF FACT AND OPINION HALL, Judge: Respondent determined a deficiency of $139 in petitioners' 1974 Federal income tax. The issue in this case is whether petitioners have substantiated the itemized deductions they claimed on their 1974 income tax return. FINDINGS OF FACT Petitioners resided in Salt Lake City, Utah, at the time they filed their petition. During 1974 petitioner William H. Harrison was employed as a salesman with a New York Stock Exchange brokerage company. On their 1974 income tax return petitioners claimed $2,130 in itemized *432 deductions, including $1,080 for business mileage. In the statutory notice, respondent disallowed petitioners' itemized deductions in their entirel itemized deductions in their entirety and recomputed petitioners' tax using the tax tables provided for taxpayers whose adjusted gross income is less than $10,000. OPINION The issue for decision is whether petitioners have substantiated the itemized deductions they claimed on their 1974 Federal income tax return. Respondent disallowed petitioners' claimed $1,080 deduction for business mileage because they failed to present information or verification to respondent. Since the remaining itemized deductions claimed on the 1974 return amounted to less than 15 percent of adjusted gross income, respondent computed petitioners' tax using the tax table provided for taxpayers whose adjusted gross income is less than $10,000. [1]
*433 Petitioner William H. Harrison testified that he and his wife had two cars, that he used one for business purposes, that he kept track of his business mileage on a note pad he kept in the car, and that he had misplaced that note pad. He also had misplaced all other documentary proof of other itemized deductions claimed in his 1974 return. At trial he presented no evidence other than his own testimony to support his claims. Petitioners, on whom the burden of proof rests (Rule 142 (a), Tax Court Rules of Practice and Procedure), have failed to carry this burden. We do not find petitioner William H. Harrison's unsupported testimony sufficiently credible to support the claimed deductions. Their actions and attitude show a disregard for the ordinary record keeping required of all taxpayers who wish to itemize their deductions in lieu of using the percentage standard deduction or low income allowance. We hold that respondent properly disallowed petitioners' claimed deductions and properly recomputed petitioners' tax. Decision will be entered for the respondent. Footnotes
1. Section 3 of the Internal Revenue Code of 1954, as in effect in 1974, provides: In lieu of the tax imposed by section 1, there is hereby imposed for each taxable year beginning after December 31, 1969, on the taxable income of every individual whose adjusted gross income for such year is less than $10,000 and who has elected for such year to pay the tax imposed by this section, a tax determined under tables, applicable to such taxable year, which shall be prescribed by the Secretary or his delegate. In the tables so prescribed, the amounts of tax shall be computed on the basis of the taxable income computed by taking the standard deduction and on the basis of the rates prescribed by section 1.↩